IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK SHAUN LOVEDAY,

    Petitioner,                    No. CIV S-05-0105 GEB DAD P

    vs.

M. YARBOROUGH,

    Respondent.                  <u>ORDER</u>

/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus challenging his 2001 judgment of conviction entered in the San Joaquin County Superior Court. Petitioner is serving a life sentence without the possibility of parole for murder, sodomy, and rape. On December 6, 2005, respondent filed a motion to dismiss the petition as containing an unexhausted claim. The court ordered petitioner to file his opposition to the motion and on June 1, 2006, granted petitioner an additional thirty days to do so. Petitioner did not file an opposition to the motion to dismiss. Instead, on July 6, 2006, petitioner filed a motion for a stay and abeyance.

        In his habeas petition, petitioner raises the following claims:

(1) Abuse of Discretion [by the trial court]
    admission of hearsay statements
    Denial of Self Representation

1

  (2) Abuse of Discretion [by the trial court for admitting]
    Untested Scientific Evidence for
    Contaminated Swabs
    Fingerprint Process

  (3) Ineffective Trial and Appeal Counsel
    Object
    DNA/Tape/Tape Evidence
    Hearsay Statements
    Breakdown between Attorney Client

  (4) There was insufficient evidence to substantiate
    The Rape and Sodomy Conviction as well as
    The Special Circumstance Findings

  (5) It was Error to Admit a Tape Recorded
    Soliloquy of Petitioners in His Jail Cell

  (6) The Court Erred in Disallowing Third-Party
    Culpability Evidence.

(Petition, filed 1/18/05, at 7[1].)

    In moving to dismiss the petition respondent argues that claim four above, concerning the sufficiency of the evidence for the rape and sodomy convictions, is unexhausted. Petitioner does not dispute that claim four is unexhausted. He explains that his appellate attorney raised that claim in his appeal to the California Court of Appeal but for some unknown reason did not present it to the California Supreme Court in the Petition for Review. (See Pet.'s Mot. for Stay and Abeyance, at 3; Resp't's Docs., lodged 12/6/05.) Petitioner states that he will file a

/////
/////
/////
 /////
/////

---

[1] With respect to documents that have been filed in this case, the court uses the page numbers designed by the court's Case Management/Electronic Case Files (CM/ECF) system. Under this system, each page of a document submitted for filing is numbered consecutively, including cover sheets, blank pages, attachments, and proof of service.

habeas petition with the California Supreme Court in order to exhaust claim four.[2]  (Pet.'s Mot for Stay and Abeyance at 3.)  In light of petitioner's acknowledgment that he has filed a mixed petition, the respondent's motion to dismiss would appear to be well-taken.  However, the court must first consider whether petitioner's motion for a stay and abeyance should be granted.

    The Supreme Court has affirmed the district court's discretion to stay a federal habeas proceeding to allow a petitioner to present unexhausted claims to the state court where there is good cause for the petitioner's failure to exhaust all claims in state court before filing a federal habeas petition.  Rhines v. Weber, 544 U.S. 269, 277 (2005).  See Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000) (authorizing district courts to stay fully exhausted federal petitions pending exhaustion of other claims); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998).  This discretion to issue a stay extends to mixed petitions.  Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims.").  The Supreme Court cautioned, however, that "stay and abeyance should be available only in limited circumstances" and that a stay "is only appropriate when the district court determines there is good cause for the petitioner's failure to exhaust his claims first in state court."  544 U.S. at 277.  Even if a petitioner shows good cause, the district court should not grant a stay if the unexhausted claims are plainly meritless.  Id.  Finally, federal proceedings may
/////

---

[2] Petitioner has attached a copy of a federal habeas petition which he contends has been amended to eliminate claim four.  The amended petition is incomplete and the court cannot determine if the petition contains only exhausted claims.  Nonetheless, the court will not order petitioner to file a second amended petition.  See Jackson v. Roe, 425 F.3d 654, 661 n.10 (9th Cir. 2005) ("We note in passing that because Rhines has now authorized stays of mixed petitions, albeit in limited circumstances, the three-step procedure [amend mixed petition to eliminate unexhausted claims, file motion for stay & abeyance, file motion for leave to amend to include previously unexhausted claims] may fall into disuse.  Not only does the three-step process seem unnecessarily cumbersome after Rhines, but also the Supreme Court's recent decision in Mayle, imposing stricter limitations than previously required by this court for amendments to relate back to the original filing date, is likely to make our former approach less useful for petitioners in many instances.")

not be stayed indefinitely, and reasonable time limits must be imposed on a petitioner's return to state court to exhaust additional claims. Id. at 277-78

Petitioner's pending motion for a stay and abeyance is vague and conclusory. Accordingly, the court is unable to determine whether petitioner had good cause for failing to exhaust all of his claims before filing this action, whether petitioner's unexhausted claims are potentially meritorious or whether petitioner has been diligent in pursuing his unexhausted claims. See Taylor, 134 F.3d at 987 nn. 8 & 11 (failure to make a showing of diligence in pursuing additional claims may foreclose a stay). For these reasons, petitioner's motion will be denied without prejudice to the filing of a new motion.

Petitioner will be granted thirty days to file a new motion to stay proceedings. The motion submitted for filing must include a proof of service showing that a copy of the motion was served on respondent's counsel. The motion must (1) show good cause for petitioner's failure to exhaust all claims prior to filing this action, (2) identify petitioner's unexhausted claims and demonstrate that each is potentially meritorious, (3) describe the status of state court proceedings on the unexhausted claims, and (4) demonstrate that petitioner has acted with diligence in pursuing additional claims. The court will also order respondent to file his opposition or non-opposition to petitioner's motion, and petitioner may file a reply to any opposition to his motion. Because resolution of petitioner's motion to stay his mixed petition requires further briefing, respondent's motion to dismiss is premature and will be denied without prejudice to renewal in the event petitioner's motion for stay and abeyance is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's December 6, 2005 motion to dismiss the petition as a mixed petition, is denied as premature without prejudice to renewal;

2. Petitioner's July 6, 2006 motion for a stay and abeyance is denied without prejudice;

/////

3.  Within thirty days from the service of this order, petitioner shall file and serve an amended motion for a stay and abeyance as set forth in this order;

4.  Within thirty days from the service of the amended motion for a stay and abeyance, respondent shall file his opposition or non-opposition to the motion; thereafter, petitioner may file a reply within twenty days after service of the opposition.

DATED: July 20, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
love105.sty